ROBERT H. DRAKE v. JANE BARKER AND ANOTHER.

*Ejectment.   Purchaser with   Notice.   Agent.*

1.  The question being whether the plaintiff was a *bona fide* purchaser, without notice of an unrecorded deed, and the transaction having been conducted by his agent, notice to the agent was notice to the principal; and any evidence tending to prove notice to the agent was admissible.
2.  But the jury found specially, in effect, that the plaintiff himself had actual notice, which is fatal to his right of recovery.

EJECTMENT.   Trial by jury, September Term, 1881, VEAZEY, J., presiding.   Verdict and judgment for the defendants.

The exceptions showed that both parties claimed title from Robert R. Drake, father of the plaintiff ; that the defendants' deed was first executed, and the plaintiff's first recorded ; and that the plaintiff testified that his father was his agent to do the business of making the deed and getting it recorded.   The other facts are sufficiently stated in the opinion.   Several questions were raised in the court below ; but these are no longer material after the verdict, and the construction given it by the court.

*Redington & Butler*, for the plaintiff.

In the action of ejectment the legal title only is involved.   29 Vt. 405 ; 23 Miss. 84 ; 5 U. S. Dig. 183, s. 162.

*P. R. Kendall* and *Beaman & Platt*, for the defendants.

R. R. Drake was both the plaintiff's agent and the grantor.   The plaintiff is affected with his agent's knowledge.   *Hart v. Bank*, 33 Vt. 252 ; 1 Keen, 154.

The opinion of the court was delivered by

ROWELL, J.   Plaintiff claimed, and gave evidence tending to show, that he was a *bona fide* purchaser of the demanded premises, without notice of the unrecorded deed thereof from Robert R. Drake, his father, to Henry Langdon, dated January 18, 1869. Defendants claimed, and gave evidence tending to show, that

plaintiff was not such purchaser, but had actual notice of said deed. Plaintiff also claimed, and gave evidence tending to show, that during the summer before his deed was executed, he had some talk with his father about purchasing the demanded premises; that he was constantly employed in a hotel in New York during the season, and was so employed at the time his deed was executed; and that, in consequence thereof, he was obliged to do the business of taking his deed in the way it was done.

The effect of this claim was, to make plaintiff's father his agent in this behalf; and if his agent, then notice to his father would be notice to him, and any evidence tending to show notice to his father was admissible.

But the court submitted to the jury to find specially whether plaintiff was an innocent purchaser independently of the knowledge his father had in the exercise of his agency, and the jury found he was not; thus, in effect, finding that plaintiff had actual notice of said unrecorded deed. This finding is fatal to plaintiff's right of recovery, and renders it unnecessary to consider the other questions raised in the case.

Judgment affirmed.